IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| UNITED STATES OF AMERICA, Plaintiff, v. DANIEL JAMES SAXTON, Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR WRIT OF CORAM NOBIS** <br><br> Case No. 2:15-cr-52 <br><br> Judge Clark Waddoups |
|---|---|

Defendant Daniel James Saxton has filed a *pro se* motion for writ of coram nobis, under 28 U.S.C. § 1651(a), requesting that this court vacate his conviction and dismiss the charges against him. (*See* ECF No. 65.) In the motion, Mr. Saxton asserts that Title 18 of the United States Code is a "nullity" because Congress did not comply with bicameralism requirements and other legislative formalities in enacting Title 18. (*See generally id.*) Upon consideration of Mr. Saxton's motion and relevant legal authorities, the court DENIES the motion.

A grand jury indicted Mr. Saxton for receipt of child pornography, under 18 U.S.C. § 2252A(a)(2) and (b), and possession of child pornography, 18 U.S.C. § 2252A(a)(5)(B). (ECF No. 1.) On June 14, 2016, Mr. Saxton pled guilty to possession of child pornography. (ECF No. 37.) On May 4, 2017, the court sentenced Mr. Saxton to 48 months Bureau of Prisons custody and supervised release for life. (ECF No. 59.) Five days later, the court entered judgment in the case. (ECF No. 61.) Mr. Saxton did not appeal his conviction or file a motion for relief under 28 U.S.C. § 2255.

The Tenth Circuit Court of Appeals has questioned whether a defendant may use a writ of coram nobis to challenge the conviction for which he is confined. *See United States v. Payne*, 644 F.3d 1111, 1112 (10th Cir. 2011). But the Tenth Circuit has clearly held that a writ of coram

1

nobis is not available where an incarcerated defendant has an adequate and available remedy under 28 U.S.C. § 2255. *Id.* at 1112 ("But even if Defendant's incarceration on the challenged conviction is not an absolute bar to relief under a writ of error *coram nobis*, he is not entitled to such relief unless relief under 28 U.S.C. § 2255 was unavailable or would have been inadequate."); *see also Chaidez v. United States*, 568 U.S. 342, 345 (2013) ("A petition for a writ of *coram nobis* provides a way to collaterally attack a criminal conviction for a person . . . who is no longer 'in custody' and therefore cannot seek habeas relief under 28 U.S.C. § 2255 or § 2241."). Rather, the "exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) (quoting *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965)).

Here, Mr. Saxton is in custody and has not shown that relief under § 2255 is unavailable or inadequate to challenge his conviction; thus, he is not entitled to a writ of coram nobis. *See Payne*, 644 F.3d at 1112; *United States v. McIntosh*, 685 F. App'x 655, 656 (10th Cir. 2017) (unpublished)[1] (noting that the "writ of coram nobis may not be employed to litigate issues that were or could have been raised on direct appeal or in other, collateral litigation" (quotation omitted)). Therefore, the court DENIES Mr. Saxton's motion for a writ of coram nobis, (ECF No. 65).

DATED this 2nd day of January, 2018.

BY THE COURT:

_Clark Waddoups_
Clark Waddoups
United States District Judge

---

[1] This unpublished decision is not precedential, but is cited for its persuasive value. *See* Fed. R. App. 32.1; 10th Cir. App. R. 32.1.