IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| UNITED STATES OF AMERICA, | MEMORANDUM DECISION AND ORDER DENYING MOTION REQUESTING A COPY OF GRAND JURY MINUTES AND JURY FOREPERSON RETURN |
|---|---|
| Plaintiff, | |
| v. | |
| DANIEL SAXTON, | Case No. 2:15-cr-52 |
| Defendant. | Judge Clark Waddoups |

Defendant, Daniel James Saxton (Mr. Saxton) has filed a motion "[p]ursuant to 28 USC § 1868" "requesting a copy of Grand Jury Minutes, and Jury Foreperson Return." (ECF No. 67.) Mr. Saxton makes this request "to ensure validity of [the] Grand Jury." (ECF No. 67.) Title 28 U.S.C. § 1868 provides:

> After the master jury wheel is emptied and refilled pursuant to section 1863(b)(4) of this title, and after all persons selected to serve as jurors before the master wheel was emptied have completed such service, all records and papers compiled and maintained by the jury commission or clerk before the master wheel was emptied shall be preserved in the custody of the clerk for four years or for such longer period as may be ordered by a court, and shall be available for public inspection for the purpose of determining the validity of the selection of any jury.

28 U.S.C.A. § 1868 (West). Other courts to address similar requests have found that "while defendant[s] [have] a right to inspect jury records and papers under § 1868, the statute includes no provision for copying those materials." *United States v. Montelongo*, 582 F. App'x 404, 405 (5th Cir. 2014) (internal quotation marks omitted); *see also United States v. Robinson*, 243 F. Supp. 2d 868, 872 (C.D. Ill. 2003) ("[I]n order for Defendant to inspect the juror material which

the clerk of the court possesses, either he or his representative must come to the courthouse and inspect the records in the clerk's office.").

This court is persuaded by the reasoning those courts that have addressed this issue. "Although § 1868 allows the general public to inspect certain records which the Court maintains on its jurors and potential jurors, the statute is silent as to the mechanism for the public's inspection." *Robinson*¸ 243 F. Supp. 2d at 872. In order for Mr. Saxton to inspect the juror material which the clerk of court possesses, either he or his representative will have to inspect those materials in person.

Mr. Saxton's Motion Requesting a Copy of Grand Jury Minutes and Jury Foreperson Return, (ECF No. 67) is DENIED.

DATED this 13th day of March, 2018.

BY THE COURT:

Clark Waddoups
United States District Judge