IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>DANIEL JAMES SAXTON,<br><br>　　　　　　Defendant. | **MEMORANDUM DECISION AND ORDER DISMISSING MOTION TO VACATE**<br><br>Case No.  2:15-cr-00052-CW<br><br>Judge Clark Waddoups |

　　　　Before the court is Defendant Daniel James Saxton's pro se motion to vacate his sentence. (ECF No. 72.) Mr. Saxton's motion argues that the United States lacked standing to prosecute this criminal action against him because it failed to allege and prove that the United States, itself, incurred an injury-in-fact as a result of Mr. Saxton's conduct.

　　　　Notably, Mr. Saxton's motion makes clear that it is not seeking relief under 28 U.S.C. § 2255. Determining, however, that Section 2255 provides the only means for considering Mr. Saxton's motion on its merits, the Court gave Mr. Saxton notice, on March 14, 2022, that it intended to recharacterize his motion to vacate as a motion brought pursuant to Section 2255(a) and provided him with an opportunity to withdraw or amend his motion if he did not wish for it to be recharacterized. (ECF No. 74.) Mr. Saxton did not respond within the time set forth in the notice. Accordingly, the court recharacterizes Mr. Saxton's motion as one brought pursuant to Section 2255 and will proceed to rule on it in accordance with the principles set forth in that statute and its related rules and precedents.

For the reasons stated herein, the court will dismiss Mr. Saxton's motion to vacate.

## BACKGROUND

On June 14, 2016, Mr. Saxton pled guilty to one count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). (ECF No. 37.) He was later sentenced, on May 9, 2017, to 48 months imprisonment and a lifetime of supervised release. (ECF No. 61.)

On November 13, 2017, Mr. Saxton filed a motion seeking a writ of *coram nobis*, arguing that the statute he was convicted under was a "nullity" because Congress, allegedly, did not comply with bicameralism requirements and other legislative formalities when enacting the law. (ECF No. 65.) The court denied the motion, but did not reach the merits, concluding that a writ of *coram nobis* was not available where a defendant had an adequate and available remedy under 28 U.S.C. § 2255. (ECF No. 66.)

On April 13, 2018, Mr. Saxton filed the current motion, which he entitled "Motion to Vacate Due to Lack of Article III Standing." (ECF No. 72.) The motion argues that the sentence entered against him should be vacated because the United States lacked standing under Article III of the U.S. Constitution to prosecute Mr. Saxton for the crime he was convicted of. More specifically, Mr. Saxton argues that the conduct for which he was convicted—possession of child pornography—did not cause an injury-in-fact to the United States itself and, therefore, the United States did not have standing to prosecute him.

## ANALYSIS

As an initial matter, Mr. Saxton, in his motion, requests that the court notify the United States Attorney of his motion, wait for a response from the Government, and hold a hearing on the issues presented by the motion. (ECF No. 72 at 2, 4.) Subsection (b) of Section 2255, however,

indicates that the court is not required to notify the United States Attorney of Mr. Saxton's motion, or to hold a hearing, if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." Rule 4(b) of the Rules Governing Section 2255 Proceedings similarly provides that "[i]f it plainly appears from the [§ 2255] motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion[.]"

As explained in more detail below, the court concludes that it is clear, from the motion alone, that Mr. Saxton is not entitled to any relief under Section 2255. Accordingly, the court is under no obligation to notify the United States Attorney of the current motion or to hold a hearing on the matter. The motion will, instead, be decided without a hearing.

Turning to the merits of the motion, Mr. Saxton's standing argument, while creative, does not provide a basis for vacating Mr. Saxton's sentence under Section 2255(a). Mr. Saxton is correct that Article III of the Constitution limits this court's jurisdiction to actual cases and controversies. *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 157 (2014). This requires that parties have actually incurred an injury-in-fact as the result of the unlawful conduct of another party in order to have standing to seek relief in this court. *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) ("[T]he 'irreducible constitutional minimum' of standing [requires that t]he plaintiff must have . . . suffered an injury in fact[.]").

The Supreme Court, however, has recognized that a violation of the federal criminal code causes an injury to the United States' sovereignty that is sufficient to support Article III standing in criminal cases. *See Vt. Agency of Nat. Res. v. U.S. ex rel. Stevens*, 529 U.S. 765, 771 (2000). *See also United States v. Horner*, 769 F. App'x 528, 533 n.5 (10th Cir. 2019) (quoting *Vt. Agency*

3

*of Nat. Res.*, 529 U.S. at 771) ("A violation of its laws injures the United States' sovereignty, which 'suffices to support a criminal lawsuit by the Government.'"); *United States v. Pryor*, 842 F.3d 441, 448 (6th Cir. 2016) (same); *Roberson v. United States*, No. 2:19CV473-MHT, 2019 WL 4927055 at *2 (M.D. Ala. Aug. 12, 2019) (collecting cases).

In this case, Mr. Saxton pled guilty to possessing child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). Mr. Saxton's violation of that statute caused an injury to the sovereignty of the United States that is sufficient to have provided the United States with standing to prosecute Mr. Saxton in this case. Accordingly, Mr. Saxton's argument that his sentence should be vacated because the United States lacked standing to prosecute him lacks any merit and does not provide a basis for granting relief under Section 2255(a).

Because it is clear that Mr. Saxton is not entitled to have his sentence vacated on the grounds that the United States lacked standing to prosecute him, the court dismisses Mr. Saxton's motion to vacate pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings.

Having dismissed Mr. Saxton's motion to vacate, Rule 11(a) of the Rules Governing Section 2255 Proceedings requires that the court "issue or deny a certificate of appealability." The court may only issue a certificate of appealability if it concludes that Mr. Saxton has "made a substantial showing of the denial of a constitutional right." 28 U.S.C.A. § 2253(c)(2). Mr. Saxton has not made such a showing; therefore, the court must deny a certificate of appealability.

When a "court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." *See* Rule 11(a) of the Rules Governing Section 2255 Proceedings. The time for filing an appeal is governed by Rule 4(a) of the Federal Rules of Appellate Procedure. *See* Rule 11(b) of the Rules Governing

Section 2255 Proceedings.

## **CONCLUSION**

For the reasons stated herein, the court DISMISSES Mr. Saxton's motion to vacate (ECF No. 72) and DENIES a certificate of appealability.

ENTERED this 4th day of August, 2022.

BY THE COURT:

_____
Clark Waddoups
United States District Judge